IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTONIO K. DAVIS                                                                    PLAINTIFF

v.                              Civil No. 13-5310

DENNY HYSLIP, Chief Public
Defender; LEANA HOUSTON,
Chief Deputy Public Defender; and
SHERIFF TIM HELDER, Washington
County, Arkansas                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Antonio K. Davis, filed this action pursuant to the terms of 42 U.S.C. § 1983. He proceeds *in forma pauperis* and *pro se*. At the time he filed this lawsuit, Plaintiff was incarcerated in the Washington County Detention Center

The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint, the detention center had set up a prepaid account for inmates to call the public defenders' office. Plaintiff alleges that whenever he attempted to call his public defender the call was denied.

Plaintiff also contends the public defenders' office ignored faxes sent to them and did not come and see inmates until "a week or a day" before trial. At that time a plea bargain was usually offered, if the plea bargain was not taken, Plaintiff alleges the trial date was continued and it was another two to three months before it was rescheduled. Plaintiff maintains this was used as a tactic to wear the inmates down and get them to accept the plea agreements.

As relief, Plaintiff seeks compensatory and punitive damages. Additionally, he asks for some type of "reformation within the jail that will help future inmates."

## 2. Discussion

Plaintiff's claims against Denny Hyslip and Leana Houston are subject to dismissal. Public defenders are not subject to suit under § 1983. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. See also Gilbert v. Corcoran, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

## 3. Conclusion

I therefore recommend that the claims against Denny Hyslip and Leana Houston be dismissed for failure to state a claim upon which relief may be granted. By separate order, the complaint will be served on Sheriff Helder.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-2-