IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANTONIO K. DAVIS                                                                          PLAINTIFF

     v.                                  Civil No. 13-5310

SHERIFF TIM HELDER, Washington
County, Arkansas                                                                          DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

The events that are the subject of this lawsuit occurred while the Plaintiff was incarcerated in the Washington County Detention Center. Plaintiff is no longer incarcerated.

Plaintiff maintains his rights were violated because the prepaid account for inmates to call their public defenders did not work and all calls were denied. He also maintains that faxes to the public defenders' office were ignored.

Public defenders, Denny Hyslip and Leana Houston, were originally named defendants. By order entered on March 6, 2014 (Doc. 10), all claims against the public defenders were dismissed. The dismissal was based on the fact that public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

The remaining Defendant, Sheriff Helder, has filed both a motion to compel (Doc. 14) and a motion to dismiss and for costs (Doc. 16). The motion to compel is based on the Plaintiff's failure to respond to discovery requests. The motion to dismiss is based on Plaintiff's failure to attend his deposition. Plaintiff did not respond to either motion.

AO72A
(Rev. 8/82)

On November 17th, a show cause order was entered giving the Plaintiff until November 28, 2014, to show cause why this case should not be dismissed based on his failure to respond to discovery requests and his failure to attend his own deposition. He was advised that failure to respond to the show cause order would result in the dismissal of this case.

Plaintiff has not responded to the show cause order. No mail has been returned as undeliverable. Plaintiff has not sought an extension of time to respond to the order. Plaintiff has not communicated with the Court in anyway. I therefore recommend that the Defendant's motion to dismiss (Doc. 16) be granted and the case dismissed based on the Plaintiff's failure to prosecute this action and his failure to obey a Court order. Fed. R. Civ. P. 41(b). Given the indigent status of the Plaintiff, I further recommend that Defendant's request for costs be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of December 2014.

/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
  CHIEF UNITED STATES MAGISTRATE JUDGE